1  VALERIE GOO (STATE BAR NO. 187334)
   vgoo@orrick.com
2  DAVID P. FUAD (STATE BAR NO. 265193)
   dfuad@orrick.com
3  ORRICK, HERRINGTON & SUTCLIFFE LLP
   777 South Figueroa Street, Suite 3200
4  Los Angeles, CA 90017
   Telephone: +1-213-629-2020
5  Facsimile: +1-213-612-2499

6  Attorneys for Plaintiffs
   TEXTRON INNOVATIONS INC., BELL
7  HELICOPTER TEXTRON INC., AND CESSNA
   AIRCRAFT CO.

8

9                UNITED STATES DISTRICT COURT

10             CENTRAL DISTRICT OF CALIFORNIA

11                    WESTERN DIVISION

12

13 TEXTRON INNOVATIONS INC., a        Case No. CV10-7484SVW (SSx)
   Delaware corporation; BELL
14 HELICOPTER TEXTRON INC., a         **STIPULATED CONSENT
   Delaware corporation; CESSNA       DECREE**
15 AIRCRAFT COMPANY, a Kansas
   corporation
16
                  Plaintiffs,
17
            v.
18
   BANANA HOBBY INC, an unknown
19 entity; TOM WU, an individual, DAN
   WU, an individual, and DOES 1-10,
20 inclusive,

21                Defendants.

22

23

24

25

26

27

28

OHS WEST:261121264.1

1.     Plaintiffs TEXTRON INNOVATIONS, INC. ("TII"), BELL HELICOPTER TEXTRON INC. ("Bell Helicopter"), and CESSNA AIRCRAFT COMPANY ("Cessna Aircraft") filed this Action on October 6, 2010 asserting that defendant BANANA HOBBY infringed their trademarks and trade dress rights in the sale and advertising of certain model helicopters and aircraft.  Specifically, Plaintiffs assert that defendant BANANA HOBBY infringed the Plaintiffs' BELL, JETRANGER, 222, CESSNA, STAIONAIR and SKYLANE trademarks, including federally registered trademarks, and Plaintiffs' trade dress rights in the non-functional unique design of the Bell JetRanger and Bell 222 helicopters and Cessna 182 Skylane and Cessna 206 Stationair.  Plaintiffs assert claims for trademark infringement, trade dress infringement, unfair competition, counterfeiting and unjust enrichment.

2.     Defendant BANANA HOBBY denies the infringement allegations in the Complaint and by entering into this Consent Decree does not admit liability.

3.     The Parties have entered into a Settlement Agreement which provides for the entry of this Stipulated Consent Decree.

4.     The Court has subject matter jurisdiction over the Lanham Act claims pursuant to 28 U.S.C. §§ 1331 and 1338 and supplemental jurisdiction over the remaining claims pursuant to 28 U.S.C. § 1367.

5.     TII and Bell Helicopter own valid and existing trademark rights in the marks BELL, JETRANGER, and 222 (the "Bell Trademarks"), including U.S. Trademark Registration Nos. 0,937,437, 2,883,983, 1,626,963, and 1,687,770.

6.     TII and Bell Helicopter own valid and existing trade dress rights in the non-functional unique design of both the Bell JetRanger and Bell 222 (together, the "Bell Trade Dress") helicopters.  The Bell 222 trade dress includes, among other things, the nonfunctional, unique side stub wings, vented transmission cowling, and fixed wing- type forward fuselage and nose section.  The Bell JetRanger trade dress includes, among other things, the nonfunctional, unique oversize chin bubbles,

vented transmission cowling, small circumference tailboom and port side tail rotor.

7.    TII and Cessna own valid and existing trademark rights in the marks CESSNA, STATIONAIR, and SKYLANE, (the "Cessna Trademarks"), including U.S. Trademark Registrations Nos. 0,576,100, 0,867,435, 1,269,737, 2,055,161, and 2,059,247.

8.    TII and Cessna own valid and existing trade dress rights in the non-functional unique design of the Cessna 182 Skylane and Cessna 206 Stationair (the "Cessna Trade Dress"), including: the non-functional contoured fuselage (including a rounded lower front nose, full belly, and high, broad nose), tricycle-style landing gear with teardrop-shaped wheel housings, swept back angular vertical stabilizer, nearly symmetrical front and back horizontal stabilizer, oversize front windshield extending into the front portion of the overheard wing, and single support overhead wing.

9.    Defendant, together with its principals, officers, directors, agents, affiliates, servants, employees and attorneys, and those in active concert or participation with each of them, shall be and is hereby PERMANENTLY RESTRAINED AND ENJOINED, from:

   a)    manufacturing, producing, importing, distributing, advertising, selling, offering for sale, moving, or otherwise disposing of, any product bearing any simulation, reproduction, counterfeit, copy, or colorable imitation of any of the Bell or Cessna Trademarks or Trade Dress, without a valid license;

   b)    using any simulation, reproduction, counterfeit, copy, or colorable imitation of any of the Bell or Cessna Trademarks or Trade Dress, without a valid license;

   c)    using any false designation of origin or false description that can or is likely to lead the trade, public or individual members thereof to believe that any product manufactured, distributed, or sold by Defendants is

in any manner associated or connected with TII, Bell Helicopter, or Cessna or is sold, manufactured, licensed, sponsored or approved or authorized by TII, Bell Helicopter, or Cessna without express permission;

      d)    engaging in any other activity constituting an infringement of any of the Bell or Cessna Trademarks or Trade Dress or otherwise unfairly competing with TII, Bell Helicopter, or Cessna;

      e)    destroying, modifying, disposing of, concealing, or moving product or merchandise (including those in electronic formats) that bear any of the Bell or Cessna Trademarks or incorporate any of the Bell or Cessna Trade Dress or that infringe any of the Bell or Cessna Trademarks or Trade Dress, and any documents (including those in electronic formats) or other tangible things that discuss, describe, mention or relate to such products or merchandise.

8.    This Court shall retain jurisdiction of the subject matter hereof and over defendant to ensure compliance with this Consent Decree.

**IT IS SO ORDERED** this 29TH day of April, 2011.

By: _____
                            Hon. Stephen V. Wilson
                            United States District Judge